PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SANDALIO E. ALONSO, Defendant and Appellant.

No. 2691. Argued March 23, 1926.—Decided July 8, 1926.

*Felipe Colón* and *Leopoldo Tormes* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sandalio Alonso was accused of violating section 1 of a municipal ordinance of Ponce approved March 7, 1916, in that he organized and held a meeting of the Socialist party on Muñoz Rivera Square in Ponce, knowing that said ordinance prohibited the holding of all kinds of meetings on the said square.

After hearing the evidence the court found the defendant guilty and he took the present appeal.

The pertinent part of the said ordinance reads as follows:

"Ordinance prohibiting all kinds of meetings within, around or within one block of Federico Degetau, Delicias, Abolition and Marina (of the ward of Playa of Ponce) Squares.

"Whereas, the work of embellishment carried on in the principal squares of this city named Delicias, Federico Degetau and Marina, in the ward of Ponce Playa, requires not only on the part of the administration but also on the part of the public in general the greatest interest and care for their conservation;

"Whereas, it will not be possible that the work already done

and that to be done in these three places should be lasting unless everything tending to destroy them is strictly prohibited;

"Whereas, it is the duty of the administration to look after, care for and preserve the interests of the municipality, which are the interests of the people, from anything improper or from any neglect that may destroy or injure them;

"Therefore, it is hereby ordered by the Municipal Council of Ponce: That any kind of meeting within, around or within one block of Federico Degetau, Delicias, Abolition and Marina (in the ward of Playa of Ponce) Squares is hereby prohibited."

The evidence showed that the square called Delicias in the ordinance is known at present as Luis Muñoz Rivera Square.

The appellant contends that the district court committed three errors, one of them being in holding that the ordinance in question was constitutional.

On February 27, 1902, an Act defining the rights of the people was approved in Porto Rico. Section 4 of it reads as follows:

"The people of Porto Rico shall have the right peaceably to assemble for the common good and to apply to those invested with the powers of government for redress of grievances by petition or remonstrance."

In 1917 the Congress of the United States in approving the Organic Act of Porto Rico now in force declared once more the right of the people peaceably to assemble by providing in section 2, among other things, the following:

"That no law shall be passed abridging the freedom of speech or of the press, or the right of the people peaceably to assemble and petition the Government for redress of grievances."

And in the case of *People* v. *Padilla,* 20 P.R.R. 266, this court said:

"The local and national laws are, then, essentially alike and both guarantee the right of the people peaceably to assemble. Therefore a municipal ordinance abridging that right would be completely null and void.

"But to regulate does not always mean to abridge. The power

of a municipal government to adopt rules for regulating , traffic through its streets and the use of its public squares and walks, is unquestionable. Everything depends upon the manner in which such power is exercised. If it is exercised in a reasonable manner, it should be respected by the citizens and upheld by the courts. If it is exercised in an arbitrary manner, it is divested of all authority.''

Following the course indicated, we shall see whether or not the ordinance in question abridges the right to assemble.

Only two witnesses testified for the prosecution, they being Sergeant Izquierdo of the Insular Police and guardsman Rodríguez. Both testified that in the city of Ponce there are only three public squares, to wit: Abolition Park, Degetau Square, full of gardens, and Muñoz Rivera Square, with some flowers around the statue in the center and on the sides and with a wide concrete walk. There is another square in the Playa ward.

We are aware of the motives or reasons expressed in the ordinance for its adoption. In conformity therefore with the evidence for the prosecution the said reasons perhaps justify the ordinance as regards Degetau and Abolition Squares, but in no wise in so far as Muñoz Rivera Square is concerned. Moreover, if it be considered that the ordinance refers to all of the squares and does not regulate their use, but prohibits absolutely the holding of meetings of any kind within them, it follows that it interferes in such a manner with the right of the people to assemble that it may be concluded that it plainly interferes with and abridges that right.

It may be said that there are theaters and other places in the city where citizens may assemble. Theaters are places belonging to private individuals who generally exact the payment of money for their use. An assembly of citizens is something which very often arises suddenly. An abusive act on the part of the authorities themselves may give rise to a momentary protest and the public squares seem to be

the proper places where the citizens may assemble and express their ideas immediately, adopting the necessary measures without obstacles of any kind. And the ordinance referred to prohibits all kinds of meetings.

Public squares belong to the people. Their management has been entrusted by the people to the municipal authorities for the benefit of the people. How is it possible then that the power of said authorities extends to the absolute prohibition of their use for all kinds of meetings? That is simply exceeding the power granted and can not prevail when it faces the spirit of our free institutions.

The ordinance of whose violation the defendant was accused being contrary to our fundamental laws and to the spirit of our institutions and therefore null and void, the judgment appealed from should be reversed and the defendant acquitted.